Filed 6/9/16  P. v. Kane CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068888 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN342043) |
| JEFFREY ELIAS KANE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Popkins, Judge.  Affirmed.

Boyce & Schaefer and Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Counsel for defendant Jeffrey Elias Kane has filed a brief asking this court to independently review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2015 Kane was charged in a criminal complaint with one count of robbery (Pen. Code,[1] § 211).  The complaint also alleged Kane had served five prior prison terms (§ 667.5, subd. (b)) and had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12 & 668).  Kane initialed a provision on the form under which he waived (among other things) his right to raise on appeal "any sentence stipulated herein."  Kane also initialed a statement that he "did unlawfully by force take property from [the victim]."

The trial court accepted Kane's guilty plea after finding that Kane understood his constitutional rights and voluntarily waived them, that his plea was freely and voluntarily made, that he understood the nature of the charges and the consequences of his plea, and that there was a factual basis for the guilty plea.  The court granted the People's motion to dismiss the balance of the complaint, including the strike prior allegation.

On July 14, 2015, pursuant to the terms of the plea agreement, the court sentenced Kane to the lower term of two years in state prison for his robbery conviction with credit for time he had served in local custody.

Kane filed in propria persona a notice of appeal on September 16, 2015, stating that he "[g]reatly [felt]" he was not guilty of robbery because he "was only shoplifting," and that he "took the deal out of she[e]r desperation."

---

[1]     All further statutory references are to the Penal Code.

DISCUSSION

Counsel has filed a brief pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) summarizing the proceedings below and indicating he was unable to find any reasonably arguable issues for reversal or modification of the judgment on appeal. Kane's counsel has identified two possible, but not arguable, issues under *Anders*: (1) "Is [Kane's] guilty plea constitutionally valid?," and (2) "Was the waiver of the right to appeal valid?"

We granted Kane permission to file a brief on his own behalf. On April 8, 2016, Kane filed in propria persona a handwritten brief in which he states that he "greatly do[es] not agree [his] plea of guilt is constitutionally valid" and that he believes he is not guilty of robbery. He asserts that "[t]he Police report is nothing more than a callous lye [*sic*]" and that he was injured when he was "tackled by loss prevention." He also asserts that a witness told the police officer that he (Kane) did not push or swing at the loss prevention employee "[b]ut there was no mention of this person in the police report." He claims he "took the [plea] deal out of fear" because he "could not mentally understand the strain of prejudice brought by the Police behaviors." He further asserts that he is "mentally dissabled [*sic*] with brain damage and mental retardation."

We have independently reviewed the record under *Wende* and considered the possible issues identified by Kane's counsel. We have found no reasonably arguable issues for reversal or modification of the judgment. The reporter's transcript of the change of plea hearing shows that Kane understood the nature of the proceeding, responded appropriately to the court's questions, understood his constitutional rights and

3

voluntarily waived them, understood the nature of the charges and the consequences of his plea, and freely and voluntarily pleaded guilty to the robbery charge in exchange for the striking of the prior strike allegation and imposition of the stipulated two-year prison sentence. We conclude Kane's guilty plea is constitutionally valid. We also conclude his waiver of the right to appeal is valid.

For all of the foregoing reasons, we affirm the judgment. Kane's appellate counsel has competently represented him in this appeal.

DISPOSITION

The judgment is affirmed.


NARES, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.